# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Dixie A. Sutton, | C/A No. 4:13-2542-MGL-KDW |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Securitas Security Services, USA, Inc., | |
| Defendant. | |

Plaintiff Dixie Sutton ("Plaintiff" or "Sutton") filed this action on September 18, 2013, seeking recovery against her former employer, Sutton Security Services, USA, Inc. ("Defendant" or "Securitas"), bringing the following causes of action: (1) discrimination on the basis of race in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*; (2) violation of the Americans with Disabilities Acts of 1990, as amended ("ADA"), 42 U.S.C. § 12112(a) *et seq.*; (3) state law claim of intentional infliction of emotional distress ("IIED"); and (4) state law claim of negligent retention and supervision. Compl., ECF No. 1. Securitas answered the Complaint, denying all material allegations of the Title VII and ADA causes of action. Answer, ECF No. 8. Securitas filed a Motion to Dismiss Plaintiff's causes of action for IIED and negligent retention and supervision, arguing those causes of action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because they are barred by the exclusivity provision of the South Carolina Workers' Compensation Act, S.C. Code Ann. § 42-1-540. This matter is now before the court on the Motion to Dismiss of Securitas. Mot. ECF No. 7. Having considered the Motion, Plaintiff's Response in Opposition, ECF No. 12, and Defendant's

Reply, ECF No. 14, the undersigned submits this Report[1] recommending Defendants' Motion be granted.

I.      Factual Background

Plaintiff was employed by Defendant from February 2006 through January 2012. Compl. ¶ 7. Relevant to Defendant's Motion to Dismiss the state-law causes of action, Plaintiff avers in her IIED claim that Defendant, "through its agents and representatives intentionally or indirectly recklessly inflicted severe emotional distress upon Plaintiff." *Id.* ¶ 20. She submits Defendant's actions of "making disparaging remarks to African American employees, of threatening their employment on a continual basis, of attempting to force Plaintiff and other employees to make false accusations against Gloria Wright in order to replace her with Ryan Borck, and of forcing Plaintiff to work despite knowledge of her medical condition," subjected her to severe emotional distress." *Id.* ¶¶ 21, 22. In her claim for negligent retention and supervision, Plaintiff claims Defendant failed to exercise reasonable care in the hiring of its employees and supervisors, and that Defendant's breach of that duty caused Plaintiff to suffer physical and emotional harm. *Id.* ¶¶ 25-28.

II.     Standard of Review

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(g), D.S.C.  Because the Motion to Dismiss is dispositive, this Report and Recommendation is entered for the district judge's consideration.

Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level [].

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

III.     Analysis

Defendant moves to dismiss Plaintiff's claims for IIED and for negligent retention and supervision because they are barred by the exclusivity provision of the South Carolina Workers' Compensation Act (the "Act"). The exclusivity provision provides in relevant part as follows:

> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall

>exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

*Id.* The only exceptions to the exclusivity provision are: (1) when the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) when the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) when the tort is slander and the injury is to reputation; or (4) when involving certain occupations expressly excluded by the Act. *Cason v. Duke Energy Corp.*, 560 S.E.2d 891, 893 n.2 (S.C. 2002).

In responding to Defendant's Motion, Plaintiff jointly discusses both of her state-law claims and focuses only on the second exception listed above, i.e., when the injury is not accidental but results from an intentional act of the employer or its alter ego. Pl.'s Mem. 2-4, ECF No. 12. Principally relying on *Stewart v. McLellan's Stores, Co.*, 9 S.E.2d 35 (S.C. 1940), Plaintiff submits that the acts of which she complains were not "accidents," but were intentional, thus taking them outside the purview of the exclusivity clause. Pl.'s Mem. 3. Plaintiff argues the complained-of acts were "intentional acts of the supervisor to make disparaging remarks, to force Plaintiff to lie about a co worker [sic], and to discipline Plaintiff despite being aware of Plaintiff's medical condition." *Id.* She argues that *Stewart* permits her to bring an action against her employer for her injuries that resulted from these "intentional" torts rather than an accident. *Id.* Plaintiff submits that her employer "operated Securitas in many locations nationally, and her supervisor exercised a high level of control of the local branch of the company[,]" and argues the IIED and negligent supervision claims do not fall within the scope of workers' compensation coverage because Plaintiff's supervisor was the "'alter ego' of Defendant[.]" *Id.*

A. Claim of Negligent Retention and Supervision

Plaintiff argues her supervisor's acts were outside of the exclusivity provision of the workers' compensation law because the acts were "intentional" acts of Defendant's alter ego. She discusses both the claim involving an intentional tort (IIED) and the claim involving allegations of negligence (negligent retention and supervision) together and offers no explanation as to how the negligence-based claim could be considered "intentional." Pl.'s Mem. 2-4, ECF No. 12. In characterizing her claim for negligent retention and supervision, Plaintiff indicates her employer "knew the supervisor was harassing Plaintiff in terms of employment and discipline, because of Plaintiff's complaints to Defendant, and that the Defendant owed her a duty to ensure that she was treated fairly." *Id.* at 2. Further, Plaintiff states she has alleged Defendant "negligently failed to respond to Plaintiff and customer complaints." *Id.*

The court agrees with Defendant's argument that the claim of negligent retention and supervision is, by definition, not an "intentional act." *See* Def.'s Reply 2, ECF No. 14. In addition to her characterizations of her negligence-based claims in her memorandum, Plaintiff's Complaint couches her claim of negligent retention and supervision as one concerning Defendant's alleged breach of "its duty of reasonable care and control[.]" *See* Compl. ¶ 27. She alleges no intentional actions related to that cause of action. South Carolina courts considering the exclusivity provision have found that the Act provides the exclusive remedy for alleged failure of an employer to exercise reasonable care in selection, retention, and supervision of employees. *See Sabb v. S.C. St. Univ.*, 567 S.E.2d 231, 234 (S.C. 2002) (citing *Dickert*, 428 S.E.2d 700).

Accordingly, the undersigned recommends Defendant's Motion to Dismiss be granted as to Plaintiff's cause of action for Negligent Retention and Supervision (Count IV).

B. Claim of IIED

Defendant argues Plaintiff's IIED claim is barred by the Act's exclusivity provision and submits dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure is appropriate. Def.'s Mem. 3-4, ECF No. 7-1.

The Supreme Court of South Carolina has held the intentional infliction of emotional distress constitutes a personal injury that falls within the scope of the Act. *Loges v. Mack Trucks, Inc.*, 417 S.E.2d 538, 540 (S.C. 1992). The court later affirmed and clarified this holding by stating: "It is only when the tortfeasor/co-employee is the 'alter ego' of the employer that the liability falls outside the scope of the Act." *Dickert*, 428 S.E.2d at 701. The alter ego exception applies only to "'dominant corporate owners and officers.'" *Id.* (quoting 2A Larson, *Workmen's Compensation*, §§ 68.21 and 68.22).

Plaintiff argues her IIED claim falls outside the exclusivity provision because "Plaintiff's immediate supervisor was the 'alter ego' of Defendant[.]" Pl.'s Mem. 3, ECF No. 12. Plaintiff cites *Stewart*, 9 S.E.2d at 37, for the proposition that an "'intentional, willful and malicious'" tort committed by a "'representative of the employer'" is sufficient to take a tort claim outside of the Act's exclusivity provision. Pl.'s Mem. 3-4 (*citing* Stewart). Plaintiff also generally cites cases that note the employer's representative must be an "alter ego" of the employer defendant to take the claim outside of the Act, *see id.*; however, she does not explain how her immediate supervisor is a "dominant corporate owner or officer," to satisfy the definition of an "alter ego" for purposes of the exception she seeks. *Id.* at 4; *see Dickert*, 428 S.E.2d at 701.

Defendant notes Plaintiff's Complaint did not include any allegations that her supervisor or others referenced in her Complaint were "alter egos" of Defendant and argues Plaintiff cannot now raise allegations that her supervisor was an "alter ego" who exercised "high levels of

6

control" of Defendant. Def.'s Reply 2-3, ECF No. 14. Defendant also argues this claim should be dismissed as a matter of law because Plaintiff cannot demonstrate her supervisor is or was a "dominant corporate owner and officer." *Id.* at 5 (citing *Dickert)*.

The undersigned agrees with Defendant that dismissal of the IIED claim is appropriate because Plaintiff has not shown that her supervisor is a "dominant owner or officer" of Defendant. The general proposition espoused by Plaintiff—that an intentional act need be committed only by one who is a "representative of the employer"—oversimplifies what South Carolina law requires. Although Plaintiff's immediate supervisor may be a "representative" of Defendant for some purposes, nothing in the pleadings (or even in Plaintiff's Memorandum) indicates he is an "alter ego" of Defendant. To be an alter ego, one must be a dominant corporate owner or officer; the term does not encompass "supervisory employees." *Dickert*, 428 S.E.2d at 701. The only employees of Defendant Plaintiff references in her Complaint as committing wrongdoing are her supervisor, Ryan Borek, and "a representative of Defendant, Mr. Tubbs[.]" *See* Compl. ¶¶ 8C-H, 9. Plaintiff indicates she "and/or other employees informed Dennis Dorman of the actions of Ryan Borek[.]" Compl. ¶ 9. Plaintiff's Complaint provides nothing that indicates the positions of these employees within Defendant's corporate structure. In her memorandum, Plaintiff indicates that her employer "operated Securitas in many locations nationally, and her supervisor exercised a high level of control of the local branch of the company." Pl.'s Mem. 3. The court notes that a party cannot amend his or her complaint through briefs submitted in response to a motion to dismiss. *See Sheppard v. The LPA Group, Inc.*, C/A No. 2:07-564, 2008 WL 444685, at *3 (D.S.C. Feb.15, 2008) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991)); *see also Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x. 556, 563 (4th Cir. 2008) (same in summary judgment context). In

any event, even considering this allegation from Plaintiff's Memorandum, Plaintiff's IIED claim should be dismissed. In holding that only "'dominant corporate owners and officers'" could be considered alter egos for purposes of the Act's exclusionary clause, the Supreme Court of South Carolina in *Dickert* "decline[d] to extend the definition of alter ego to supervisory employees such as office manager[.]" *Dickert*, 428 S.E.2d at 701. Accordingly, Defendant's Motion to Dismiss should be granted as to Plaintiff's IIED claim.[2] *See generally Phillips v. Shaw Constructors, Inc.*, C/A No. 0:12-532-CMC, 2012 WL 6859457 (D.S.C. Oct. 31, 2012) (granting motion to dismiss as to intentional tort claims that fell within the Act's exclusivity provision in part because plaintiff had not shown supervisor was "alter ego" of employer); *Washington v. Hilton Hotels Corp.*, C/A No. A 207-2694-CWH, 2006 WL 747792 (D.S.C. Mar. 17, 2008) (same).

IV.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendant's Motion to Dismiss, ECF No. 7, be granted and Plaintiff's causes of action for Intentional Infliction of Emotional Distress (Count III) and for Negligent Retention and Supervision (Count IV) be dismissed.

IT IS SO RECOMMENDED.

March 24, 2014                                              Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Because Plaintiff cannot satisfy the alter-ego requirement, the court need not discuss whether the complained-of acts were "intentional" or "accidental" for purposes of the Act's exclusionary provision.